UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RUDY CHESTANG III, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALCORN STATE UNIVERSITY, )<br>ALCORN STATE UNIVERSITY BOARD )<br>OF TRUSTEES, and )<br>DR. ALVIN SIMPSON, )<br>)<br>Defendants. )<br>) | No. 09-cv-3534<br><br>Judge John W. Darrah |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff, Rudy Chestang III ("Chestang"), filed a Complaint against Defendants, Alcorn State University ("ASU"), Alcorn State University Board of Trustees, and Dr. Alvin Simpson ("Dr. Simpson") (collectively, "Defendants"). The Complaint alleges violations of the sexual discrimination and harassment prohibitions under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, et seq., invocation of 42 U.S.C. § 1983 for violation of Chestang's right to equal protection and substantive due process under the Fourteenth Amendment and Mississippi state-law claims for negligent performance of duties and negligent supervision, assault, battery, and intentional infliction of emotional distress. Presently before the Court is Dr. Simpson's Motion to Dismiss Chestang's Complaint and/or, in the alternative, to Transfer Venue.

## BACKGROUND

Chestang was enrolled as a student at ASU from Fall of 2005 through Spring 2008. Dr. Simpson was Chestang's professor and advisor. Chestang alleges that on more than one occasion, Dr. Simpson engaged in "open, obvious, and inappropriate and unwanted sexually harassing conduct toward Chestang." (Compl. at ¶ 15.)

Chestang alleges Dr. Simpson retaliated against him for not giving into his advances by refusing to submit a grade for Chestang. Chestang transferred to another university in the Fall of 2008. Chestang had to withdraw from school because Dr. Simpson gave Chestang an incomplete. Chestang finally enrolled at another university in January 2009.

Chestang subsequently filed a Complaint against Defendants. Dr. Simpson responded by filing the instant Motion to Dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), improper venue pursuant to Fed. R. Civ. P. 12(b)(3), insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5) and/or, in the alternative, a Motion to Transfer venue pursuant to 28 U.S.C. §§ 1404(a) and 1406(a).

## ANALYSIS

### *Improper Venue*

Chestang brought the suit against the Defendants in the Northern District of Illinois. Dr. Simpson argues the claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3) because venue in the Northern District of Illinois is improper due to the fact that none of the alleged acts related to Chestang's claims occurred in Illinois nor do any of the Defendants reside in Illinois.

On a Fed. R. Civ. P. 12(b)(3) motion, the plaintiff's allegations are assumed as true unless contradicted by the defendant's affidavit. *AGA Shareholders, LLC. v. CSK Auto, Inc.*, 467 F.Supp.2d 834, 842 (N.D. Ill. 2006). When determining venue, it is the plaintiff's burden to show that venue is proper. *Id.* A court is allowed to consider facts outside of the complaint to determine if venue is proper. *Id.* at 842-43.

In his Complaint, Chestang argues venue is proper in the Northern District of Illinois, under 28 U.S.C. § 1391, due to the fact he is a resident within this district. Because this suit is not founded solely on the basis of diversity of citizenship, the court must look to 28 U.S.C. § 1391(b) to determine where venue is proper.

28 U.S.C. § 1391(b) provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Following the requirements of § 1391(b), venue would be proper in Mississippi, not Illinois. None of the Defendants reside in Illinois; all reside in Mississippi. Chestang does not allege in his Complaint that any of the Defendants reside anywhere but in Mississippi. All of the "events or omissions" giving rise to the claim occurred in Mississippi, not in Illinois. According to his Complaint, Chestang alleges all of the events leading up to the suit occurred while he was a student at ASU, which is located in Mississippi. Therefore, venue is proper in Mississippi, not Illinois.

*Transfer of Venue*

Dr. Simpson moves to have this action transferred to the Southern District of Mississippi pursuant to 28 U.S.C. §§ 1404(a) and 1406(a). Because venue is not proper in this district, the Court considers transfer under § 1406(a) rather than § 1404(a). Section 1406(a) provides "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Under § 1406(a), the interest of justice does not focus on the interest of the individual parties but on the efficient administration of the court system. *Robinson v. Town of Madison*, 752 F. Supp. 842, 847 (N.D. Ill. 1990).

In this case, the interest of justice does not favor dismissing the action but, instead, transferring it to the Southern District of Mississippi. "Transferring a case to the appropriate district is in the interest of justice when there is another proper forum and when dismissal would produce delays and increase expenses." *Faur v. Sirius Intern. Ins. Corp.*, 391 F.Supp.2d 650, 659 (N.D. Ill. 2005). As transfer would be the efficient course, the Court finds that transfer, as opposed to dismissal, is in the interest of justice.

*Motion to Dismiss*

As noted above, Dr. Simpson has also moved to dismiss the Complaint for lack of personal jurisdiction and for insufficient service of process. Turning first to the issue of personal jurisdiction, for the purposes of a transfer of venue under either §§ 1404(a) or 1406(a), the transferring court need not consider whether it has personal jurisdiction over

4

the defendant. *Cote v. Wadel*, 796 F.2d 981, 984-85 (7th Cir. 1986). Therefore, this Court will not address Dr. Simpson's motion to dismiss for lack of personal jurisdiction.

With respect to the motion to dismiss for insufficient service of process, Dr. Simpson alleges he was not personally served with a summons and complaint until after 120 days after the Complaint was filed. Fed. R. Civ. P. 4(m) states:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Because the transferee court in Mississippi will be deciding all future issues of this case, it is proper that that court determine whether the requirements of Rule 4(m) have been met, whether Plaintiff has shown good cause for any failure and whether Plaintiff should be entitled to an extension to accomplish service. Therefore, the motion to dismiss for insufficient service of process is denied without prejudice to refile in the transferee court.

## CONCLUSION

For the foregoing reasons, Defendant's motion to transfer pursuant to § 1406(a) is granted. This matter is transferred to the United States District Court for the Southern District of Mississippi. Defendant's motion to dismiss is denied without prejudice to refile.

Date: April 1, 2010

JOHN W. DARRAH
United States District Court Judge